**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LESTER BULL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-00945-SEP |
| ) | |
| CITY OF ST. ANN and ) | |
| JEFFREY N. SEEREY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Federal prisoner Lester Bull brings this 42 U.S.C. § 1983 suit against the City of St. Ann and Jeffrey N. Seerey. On review under 28 U.S.C. § 1915A, the Complaint, Doc. [1], is dismissed. The "Motion for Martinez Report," Doc. [2], is denied as moot.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw upon judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## BACKGROUND

*United States v. Lester Bull*, 4:20-cr-00691-SRC (E.D. Mo. 2020), was a 2020 multi-defendant drug distribution conspiracy case in which Plaintiff faced drug, weapons, and money laundering charges. During the proceedings, Plaintiff filed motions to suppress statements and evidence. He argued, among other things, that his Fourth Amendment rights were violated when he was not presented to a magistrate judge within 48 hours of his arrest. After conducting evidentiary hearings, United States Magistrate Judge Noelle C. Collins entered a Report and Recommendation that recommended denying Plaintiff's motions. *See id.* at Doc. [231].

In an order dated February 22, 2022, United States District Judge Stephen R. Clark adopted Judge Collins's Report and Recommendation. *Id.* at Doc. [280]. Judge Clark noted that Plaintiff's motions turned on whether his Fourth Amendment rights were violated when he was not presented to a magistrate judge for a timely initial appearance. Analyzing relevant precedent, Judge Clark noted that, in *Gerstein v. Pugh,* 420 U.S. 103 (1975), the Supreme Court stated that the Fourth Amendment required a judicial determination of probable cause before or promptly after arrest as a condition for significant pretrial detention, but that such determination need not be made in an adversarial proceeding. Judge Clark noted that in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), the Supreme Court adopted a 48-hour outside limit to satisfy *Gerstein's* promptness requirement.

Judge Clark noted that United States Magistrate Judge Shirley Mensah had issued an arrest warrant for Plaintiff (and his co-defendant) within 48 hours of arrest. Citing Federal Rule of Criminal Procedure 4(a), Judge Clark noted that a judge's issuance of an arrest warrant necessarily entails a probable cause determination. Judge Clark concluded: "On de novo review, the Court finds that by issuing arrest warrants, a Magistrate Judge made a judicial

2

determination of probable cause within 48 hours of the arrests of [Plaintiff and a co-defendant]; therefore, no Fourth-Amendment violation occurred." *Id.* at 5.[1]

On February 28, 2022, Plaintiff pleaded guilty to drug, weapons, and money laundering charges. On June 21, 2022, Judge Clark sentenced Plaintiff to serve a total of 360 months in prison. Plaintiff appealed, and the United States Court of Appeals for the Eighth Circuit affirmed the District Court's judgment.

Plaintiff's claims in the instant case stem from when he was arrested and detained in conjunction with *United States v. Bull*. This Court takes judicial notice of that prior litigation, the records of which are public records filed in this court that relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted and cleaned up) (District court could "take judicial notice, whether requested or not, [and] judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

## THE COMPLAINT

Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 against the City of St. Ann, and against St. Ann Police Captain Jeffrey N. Seerey in his official and individual capacities. The Complaint consists of a completed complaint form, Doc. [1], and handwritten documents titled "Affidavit in Support of Complaint" and "Brief in Support of the Complaint." Docs. [1-2] and [1-3]. Plaintiff did not set forth a "short and plain statement" of his claims as required by Fed. R. Civ. P. 8(a)(2), and he did not state his claims in numbered paragraphs as required by Fed. R. Civ. P. 10(b). Instead, Plaintiff scattered his claims among the different documents in often-repetitive narratives. Condensed and summarized, Plaintiff's allegations are as follows.

Seerey arrested Plaintiff without an arrest warrant and detained him longer than 48 hours before presenting him to a magistrate judge. Docs. [1] at 4-5; [1-2] at 2. In support, Plaintiff attached the portion of Judge Collins's Report and Recommendation that noted he was held longer than 48 hours before he was presented to a magistrate judge for his initial appearance. *See* Doc. [1-4] at 4. Plaintiff argues that Seerey thus violated his Fourth Amendment rights and failed to follow the requirements of *Gerstein v. Pugh* and Federal Rule of Criminal Procedure 5(a). *See* Doc. [1-2] at 2-5.

---

[1] Judge Collins's Report and Recommendation and Judge Clark's Order include discussion and rulings related to similar motions filed by one of Plaintiff's co-defendants, who is not a party to this action.

3

Plaintiff also vaguely suggests that Seerey denied and withheld medical attention. *Id*. Plaintiff does not describe his interactions with Seerey concerning the need for medical attention for any particular problem. Plaintiff does state he sustained cuts to his hand, arm, and leg when he fell down an embankment during his arrest. *Id*. at 3. He states his hand was bandaged at the scene, but he does not allege that any of his injuries were serious enough to require medical attention during his stay at the jail. *Id*. Plaintiff does not attribute the cuts to Seerey. Plaintiff states he "repeatedly asked for medical assistance" at the jail but was told there was no nurse on duty. *Id*. He does not identify the individuals involved or describe his interactions with them.

Plaintiff alleges that Seerey "conspired with Eric Lanham by and through the City of St. Ann being employed by them and supervised by them did in fact have contact with Lanham and other employees of the City of St. Ann to plan to and carry out the violation of my civil rights afforded to me by the United States Constitution." Doc. [1-3] at 8. Plaintiff generally states Seerey subjected him to civil rights deprivations in order to force his cooperation. *Id*. He states he was left in a jail cell for six days wearing the same clothes, which were wet from having fallen into a creek on the day of his arrest. *Id*. He does not allege that Seerey controlled what clothing he wore at the jail; nor does he allege that his clothing was insufficient or otherwise inappropriate for the temperature or other conditions in his cell. While at the jail, Plaintiff claims to have suffered a "hyperglycemic attack" because he had only honey buns and bologna sandwiches to eat. Doc. [1-2] at 4. He does not allege that he required or sought medical treatment, nor that Seerey controlled his diet or was aware of it.

Plaintiff claims Seerey allowed others to question him before he was given *Miranda*[2] warnings or allowed to use the telephone to call an attorney. Doc. [1-2] at 2. He allegedly was not given *Miranda* warnings until 72 hours after his arrest. *Id*. at 3. He claims Seerey kept his wallet and jewelry, that the items were on Seerey's desk, and that Seerey examined the wallet's contents. Doc. [1-3] at 2-3. He also states that, when his wife visited the St. Ann jail to retrieve the property, Seerey was rude and sent her away. Doc. [1-4] at 3. Finally, Plaintiff claims the City of St. Ann failed to train, screen, and supervise Seerey and was aware that Seerey had a history of being a bad cop. Plaintiff does not clearly explain what he means by "bad cop." *Id*.

As relief, Plaintiff seeks the return of his wallet and jewelry or compensation for its value if it was lost. Doc. [1-3] at 3-5. He seeks payment for lost wages and punitive damages of one

---

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

4

million dollars per day "for being arrested and detained without a warrant and for not being presented to a Judge that exceed the standard 48 hour rule for presentment and $10,000,000.00 for every Constitutionally protected right secured." Doc. [1] at 5.

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court first addresses Plaintiff's claims against the City of St. Ann, and Plaintiff's official-capacity claims against Seerey.

A local governing body like the City of St. Ann can be sued directly under § 1983. *Monell*, 436 U.S. at 690. Municipal liability under § 1983 may attach if the Constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). To establish a deliberately indifferent failure to train or supervise, a plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff alleges no facts supporting the existence of an official municipal policy or an unofficial custom that caused a constitutional violation. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Plaintiff also alleges no facts showing a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff does state that the City knew Seerey was a bad cop and failed to train, screen, and supervise him, but he does not clearly explain what he means by that, and the Court is not obligated to presume the veracity of conclusory statements, *see Iqbal,* 556 U.S. at 678, or supply facts not alleged. *See Stone*, 364 F.3d at 914-15. Plaintiff's allegations thus do not establish that Seerey committed any constitutional violation pursuant to an official custom, policy, or practice of the City of St. Ann or any other municipality. *See Monell*, 436 U.S. at 690–92; *see also Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

5

The Court now addresses Plaintiff's individual-capacity claims against Seerey.  First, Plaintiff claims Seerey violated his Fourth Amendment rights when he arrested him without a warrant and detained him longer than 48 hours before presenting him to a magistrate judge for an initial appearance.  Those allegations fail to state a plausible Fourth Amendment claim.

In *Gerstein v. Pugh,* the Supreme Court held that the Fourth Amendment requires a "fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty," and specified that such determination "must be made by a judicial officer either before or promptly after arrest."  420 U.S. 103, 125 (1975).  The Court specified that the Constitution did not require that a judicial officer make the probable cause determination in an adversarial proceeding.  *Id.* at 123 ("[T]he Constitution does not require an adversary determination of probable cause[.]").  In *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), the Supreme Court adopted a 48-hour outer limit to satisfy *Gerstein's* promptness requirement.

As Judge Clark observed in *United States v. Bull,* a magistrate judge issued an arrest warrant for Plaintiff within 48 hours of his arrest, and a judge's issuance of an arrest warrant necessarily entails a probable cause determination.  *Bull,* 4:20-cr-00691-SRC at Doc. [280] at 5 (citing Fed. R. Crim. P. 4(a)).  A judicial officer made a determination of probable cause within 48 hours of Plaintiff's arrest, as required by *Gerstein* and *Riverside*.  Plaintiff's allegations of delay in presentment to a magistrate judge therefore fail to state a Fourth Amendment claim.

To the extent Plaintiff is asserting a Fourth Amendment claim premised upon arrest without a warrant, that claim also fails.  To state a claim for unlawful arrest, a plaintiff must show he was subjected to a warrantless arrest without sufficient probable cause.  *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013); *see also Devenpeck v. Alford,* 543 U.S. 146, 152 (2004) (an arrest without a warrant is reasonable under the Fourth Amendment when it is supported by probable cause).  Here, none of Plaintiff's allegations suggest that he was arrested without probable cause.

Next, Plaintiff claims Seerey allowed him to be questioned before he was given *Miranda* warnings or allowed to call an attorney.  Plaintiff stresses that he was not given *Miranda* warnings until 72 hours after his arrest, and he repeatedly states he was not allowed a phone call.  Such allegations also do not state a claim upon which relief may be granted.

A violation of *Miranda* does not constitute "the deprivation of [a] right ... secured by the Constitution," and there is "no justification for expanding *Miranda* to confer a right to sue under

6

§ 1983[.]" *Vega v. Tekoh*, 597 U.S. 134, 152 (2022).  When a statement is obtained in violation of *Miranda*, the remedy is suppression of the statement, not civil damages in a § 1983 action.  *Id.* at 151.  Plaintiff also had no right to unlimited phone use, and even "rigid" restrictions on telephone use can be acceptable so long as they do not completely eliminate an inmate's ability to communicate with the outside world.  *Benzel v. Grammer*, 869 F.2d 1105, 1108-09 (8th Cir. 1989).  Plaintiff does not allege he had no alternate means to communicate with the outside world.  And at most, the Complaint allows the Court to infer the possibility of misconduct, which is not sufficient to state a plausible claim for relief.  *See Iqbal,* 556 U.S. at 679.

Next, Plaintiff generally states that Seerey denied him medical attention, and unidentified persons said no nurse was available when Plaintiff "repeatedly asked for medical assistance." Doc. [1-2] at 3.  These allegations are properly analyzed under the Fourteenth Amendment.  *See Poemoceah v. Morton County, North Dakota*, 117 F.4th 1049, 1055 (8th Cir. 2024) (applying the Fourteenth Amendment standard when the alleged misconduct occurred after arrest and before any jail or prison sentence).  To establish a Fourteenth Amendment claim based on inadequate medical care, a plaintiff must show that he suffered an objectively serious medical need and that the defendant actually knew of, and deliberately disregarded, that need.  *Id.*

Plaintiff does not sufficiently allege an objectively serious medical need.  He states he suffered cuts when he fell down an embankment during his arrest, and he states he suffered a "hyperglycemic attack" at one point.  But he does not allege facts that show he required medical attention for those problems, or that they were "so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Dadd v. Anoka Cnty.*, 827 F.3d 749, 755 (8th Cir. 2016).  Even if Plaintiff did sufficiently allege an objectively serious medical need, he does not allege facts permitting the inference that Seerey or any jail official knew of, and deliberately disregarded, that need.  Instead, Plaintiff offers conclusory assertions that Seerey "deprived" or "denied" medical attention, and he vaguely describes asking unspecified persons for medical assistance for an unspecified problem.  The Complaint therefore fails to state a plausible Fourteenth Amendment claim premised upon the denial of adequate medical care.

Next, Plaintiff claims Seerey deprived him of jewelry and a wallet.  In support, he alleges he saw the items on Seerey's desk; that Seerey examined the wallet; and that Seerey was rude to his wife and sent her away when she visited the jail to retrieve the items.  In his prayer for relief, Plaintiff seeks return of the items or reimbursement for their value if they are lost.  Plaintiff's

7

allegations do not state a valid Fourteenth Amendment due process claim.  Even assuming their truth, the allegations do not permit the inference that Seerey deprived Plaintiff of the items.  At most, they allow the Court to infer the possibility of misconduct, which is not sufficient to state a plausible claim for relief.  *See Iqbal,* 556 U.S. at 679.  To the extent Plaintiff claims Seerey negligently lost or misplaced the items, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original); *see also Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994) (negligence, even gross negligence, is not actionable under § 1983).

Plaintiff alleges generally that Seerey subjected him to civil rights deprivations in order to force his cooperation, but the Court is not required to presume the veracity of conclusory statements.  Plaintiff also suggests that Seerey made him wear the same clothes—which were wet from the day of his arrest—for six days.  But he provides no allegations suggesting that Seerey controlled his clothing, diet, or any other aspect of his daily life in jail.  Finally, while wearing the same clothing for six days was likely unpleasant, Plaintiff's allegations do not support an inference that it or any other condition of his confinement amounted to punishment, as necessary to state a valid § 1983 claim based on the conditions of his confinement.  *See Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013).

Plaintiff also claims Seerey conspired with another law enforcement officer.  To prevail on a § 1983 conspiracy claim, a plaintiff must allege, among other things, the deprivation of a constitutional right or privilege.  *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted).  As discussed above, Plaintiff's allegations do not show the deprivation of a constitutional right or privilege.  He therefore fails to state a viable conspiracy claim.  *See id.; see also In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018) ("Absent a constitutional violation, there is no actionable conspiracy claim.").  Even if Plaintiff had successfully shown a constitutional violation, his § 1983 conspiracy claim would fail.  A plaintiff must plead allegations of conspiracy with sufficient specificity and factual support to suggest a "meeting of the minds." *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988).  Plaintiff has not done so here.

For the foregoing reasons, the Complaint fails to state a claim upon which relief may be granted.  This action is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).  Plaintiff has also filed a "Motion for Martinez Report" asking the Court to direct St. Ann officials to

"undertake a review of the subject matter of the complaint" to "ascertain the facts and circumstances" and make certain inquiries and determinations. Doc. [2]. Because this action is being dismissed, that motion is denied as moot. Finally, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff can be understood to assert. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Martinez Report" is **DENIED** as moot. Doc. [2].

**IT IS FINALLY ORDERED** that to the extent that Plaintiff's Complaint contains any additional state law claims that have not been dismissed in this Memorandum and Order, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

Dated this 10th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE